GEORGE C. WHITE, as auditor and clerk and as registration officer of the City of Tallahassee and THE CITY OF TALLAHASSEE, a municipal corporation under the laws of Florida, v. J. KENNETH BALLINGER, WALTER E. ROUNDTREE, RODNEY L. DURRANCE and CLINTON N. ASHMORE.

33 So. (2nd) 157                                    June Term, 1947
January 6, 1948                                     Division A

James Messer, Jr., for appellants.
J. Kenneth Ballinger, for appellees.

. TERRELL, J.:

The legislature of 1947 enacted Chapter 24908 extending the boundaries of the City of Tallahassee to include the real estate, personal and mixed properties of appellees and others similarly situated. Under the terms of said act it became effective December 31st, 1947, at 11.59 P. M., after which the properties of the plaintiffs and those in like situation became subject to ad valorem taxes, special utility taxes and such other liens and assessments as the city may be authorized to impose.

Since the passage of this act the City Commission of the City of Tallahassee has given notice that it will, on January 20, 1948, conduct a primary election for the nomination of a City Commissioner. When the Commissioner so nominated is elected and qualifies as such he will be clothed with all the powers under the City Charter to impose taxes, licenses and other assessments on the plaintiffs' property. This City Commission has also given notice that on January 27, 1948, it will conduct a special election to be participated in by the freeholders of the city for the purpose of approving or rejecting a proposed issue of street paving bonds in the sum of $750,000. for the payment of which the full faith and credit of the city is pledged.

At its regular meeting held November 25, 1947, the City Commission decided that under the charter and ordinances of the city, the plaintiffs and others in like situation who were brought into the city under Chapter 24908, Acts of 1947, were not qualified to and would not be permitted to participate in either of said elections and notified them that they would not be allowed to register and vote therein.

Pursuant to said ruling of the City Commission, plaintiffs brought this suit and pray the Court to construe the said character and ordinances and determine whether or not having been brought into the city by Chapter 24908, they are now entitled to register and participate in said elections, and to enter a declaratory decree accordingly. Defendants filed a

motion to dismiss and an answer to the bill of complaint. The bill of complaint sets up the foregoing facts and the answer admits them in the main, but it alleges that in view of the provisions of the City Charter, plaintiffs are not qualified electors in the city. The chancellor overruled the motion to dismiss and on final hearing entered a declaratory decree holding that plaintiffs were qualified electors in the city, eligible to participate in said elections, and directed the city registration officer to permit them to register and vote in said elections. This appeal is from the decree so entered.

The point for determination may be stated as follows: In view of the provisions of the City Charter, are persons who have resided for more than six months in territory annexed to the city by Chapter 24908, Acts of 1947, eligible to register and vote in an election called to be held less than six months from the effective date of the annexation act?

It is not disputed that the territory annexed to the city by Chapter 24908 is in Leon County, that appellants and others in like situation are residing on said territory and have made it their permanent home for more than the time required by law to register and vote in state and county elections. The contention is that the effective date of the annexation act is less than six months prior to either election and being so appellants are barred from voting.

Under an ordinance of the city adopted July 25, 1944 affecting primary elections, it is provided that "No person shall be allowed to vote at such primary who is not a qualified voter under the laws of Florida and who has not resided in the City of Tallahassee for six months next preceding such primary election and duly registered in the registration book for municipal elections."

A somewhat similar provision affecting the election of City Commissioners provides "That no person shall be allowed to vote at any election for the purpose of electing City Commissioners for said city, who is not a qualified voter under the state law and who has not resided in the City of Tallahassee for six months preceding such election, and who has not registered as a voter of said city in such manner as may be prescribed by ordinance."

In fine these acts provide that in order to vote in a city primary I must be a qualified voter under the laws of Florida, must have resided in the city six months next preceding the primary election and must be registered in the city registration books. To vote in an election for City Commissioner I must also be a qualified voter under the laws of Florida, must have resided in the city six months next preceding the election and must be registered as a voter in the city as prescribed by ordinance.

In our view appellants meet these requirements. They show that they are qualified to vote under state law, that they have resided in the territory annexed to the city by Chapter 24908 for more than six months and that they stand ready to and are qualified to register in the city registration books when given the opportunity. As to the election for approval or rejection of street paving bonds, these and other prerequisites not in question here are imposed. Chapter 24908 was not made effective till midnight December 31st, though it was enacted by the legislature in the spring more than six months before the election in question. At any rate, as to either election appellants had been bona fide residents of the territory brought into the city more than six months and were in other respects eligible to vote. If there are those who have not been residents of the city long enough to meet these requirements, they are not eligible to register and vote. If it had been a county election for a similar purpose, there would have been no question as to their qualification. Renner v. Bennett, 21 Ohio State Reports, 431.

Appellants were potentially brought into the city when Chapter 24908 was enacted. Under the constitution of Florida, when the legislature enacts a law it may fix the date it becomes effective. (Section 18, Article III). In this case is designated a date more than six months after its passage to become effective, but at the time it passed and at the time it became effective, appellants were living in the area brought into the city and were possessed of the prerequisites for voting in the state and county which is all the city requires except registration in the city as the ordinance requires.

It follows that under the circumstances shown here, the six months residence required by the City Charter as a prerequisite to register and vote in city elections may in reason begin to run from the 22nd day of May 1947, the day the legislature passed Chapter 24908, there being no referendum or other affirmative action required by the people to approve or reject it. They were potentially within the city from this date, no duty having been imposed on them but to await the running of time. Certainly this fact and the fact that they possessed all prerequisite qualifications for voting in state and county elections should not bar them from voting in the city elections. So the decree appealed from is affirmed.

Affirmed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.